UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE: SHAWN EGGSWARE,

                               1:23-PF-3 (BKS)

               Respondent.
_____

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

## ORDER TO SHOW CAUSE

On January 11, 2023, United States District Judge Glenn T. Suddaby, issued a Text Order directing Respondent Shawn Eggsware to show cause, within fourteen days, as to why "the undersigned should not refer him to Chief U.S. District Judge Brenda K. Sannes for a Pre-Filing Order . . . in light of his vexatious litigation history over the past 18 months (i.e., 21-CV-0933, 21-CV-1029, 21-CV-1064, 22-CV-0054, 22-CV-0077, 22-CV-0868, 22-CV-0897, and 23-CV-0034)." Text Order, *Eggsware v. Dua Lipa*, 23-CV-00034 (GTS/DJS) (N.D.N.Y. Jan. 11, 2023), Dkt. No. 4.[1] Eggsware did not respond to the Text Order and on May 4, 2023, Judge Suddaby issued a Decision and Order noting that each of the eleven actions Eggsware had filed in the Northern District of New York had "been dismissed for failure to state a claim and/or frivolousness," and referred Eggsware "to Chief Judge Sannes for consideration of whether to issue a Pre-Filing Order against him." Decision & Order, *Eggsware v. Dua Lipa et al.*, 23-CV-00034 (GTS/DJS) (N.D.N.Y. May 4, 2023), Dkt. No. 6, at 4–5.

---

[1] Judge Suddaby issued this text order in all four of Eggsware's then-pending cases: *Eggsware v. Lipa*, 23-CV-0034 (GTS/DJS) (N.D.N.Y. filed Jan. 11, 2023), Dkt. No. 4; *Eggsware v. McConaughey*, 23-CV-0158 (GTS/DJS) (N.D.N.Y. Feb. 7, 2023), Dkt. No. 5; *Eggsware v. Yellich O'Connor*, 23-CV-0159 (GTS/DJS) (N.D.N.Y. Feb. 7, 2023), Dkt. No. 5; and *Eggsware v. O Connor*, 23-CV-0473 (GTS/DJS) (N.D.N.Y. Apr. 18, 2023), Dkt. No. 6.

1

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

A review of CM/ECF shows that Eggsware has filed eleven separate actions pro se in this District over twenty-two months: (1) *Eggsware v. Albany Masonic Temple ("Eggsware I")*, 21-CV-0933 (GLS/ML) (N.D.N.Y. filed Aug. 18, 2021); (2) *Eggsware v. United States Secret Service ("Eggsware II")*, 21-CV-1029 (GTS/CFH), (N.D.N.Y. filed Sept. 17, 2021); (3) *Eggsware v. East Coast Syndicate ("Eggsware III")*, 21-CV-1064 (LEK/CFH) (N.D.N.Y. filed Sept. 27, 2021); (4) *Eggsware v. Doe ("Eggsware IV")*, 22-CV-0054 (BKS/CFH) (N.D.N.Y. filed Jan. 21, 2022); (5) *Eggsware v. Winfrey ("Eggsware V")*, 22-CV-0077 (GLS/DJS)

(N.D.N.Y. filed Jan. 27, 2022); (6) *Eggsware v. Google ("Eggsware VI")*, 22-CV-0868 (GTS/DJS) (N.D.N.Y. filed Aug. 22, 2022); (7) *Eggsware v. Carter ("Eggsware VII")*, 22-CV-0897 (BKS/TWD) (N.D.N.Y. filed Aug. 29, 2022); (8) *Eggsware v. Lipa ("Eggsware VIII")*, 23-CV-0034 (GTS/DJS) (N.D.N.Y. filed Jan. 10, 2023); (9) *Eggsware v. McConaughey ("Eggsware IX")*, 23-CV-0158 (GTS/DJS) (N.D.N.Y. filed Feb. 6, 2023); (10) *Eggsware v. Yellich O'Connor ("Eggsware X")*, 23-CV-0159 (GTS/DJS) (N.D.N.Y. filed Feb. 6, 2023); and (11) *Eggsware v. O Connor ("Eggsware XII")*, 23-CV-0473 (GTS/DJS) (N.D.N.Y. filed Apr. 17, 2023).

All of these cases have been dismissed. Eggsware has filed multiple suits that name as defendants the same entity or individuals, including two actions against Google, two actions against Instagram, two actions against Matthew McConaughey, two actions against the New York State Department of Labor, and two actions against Ella Marijah Lani Yelich O'Connor. *See Eggsware I*, 21-CV-0933 (New York State Department of Labor), *Eggsware III*, 21-cv-01064 (New York State Department of Labor) *Eggsware V*, 22-cv-0077 (Google); *Eggsware VI*, 22-CV-0868 (Google, Instagram, McConaughey), *Eggsware VIII*, 23-CV-0034 (Instagram) Eggsware IX, 23-cv-0158 (McConaughey); *Eggsware X*, 23-CV-0159 (O'Connor); *Eggsware XI*, 23-CV-0473 (O'Connor). Eggsware's conduct in suing the same defendants more than once can fairly be labeled "vexatious" and duplicative.

In *Eggsware I*, the original complaint, which alleged, inter alia, that the defendants, including a masonic temple, a bank, the New York State Department of Labor, and others, conspired to gain access to Eggsware's personal information, was dismissed as frivolous and for failure to state a claim upon which relief could be granted, 21-CV-0933 (Dkt. Nos. 4, 5), and the amended complaint was dismissed as Eggsware failed to state a claim for relief, even after

3

having the benefit of the Court's ruling on the original complaint, 21-CV-933 (Dkt. Nos. 8, 9). *Eggsware II*, which alleged that various state and federal entities failed to investigate or prosecute crimes Eggsware reported, was dismissed for failure to state a claim, 21-CV-01029 (Dkt. Nos. 6, 7). *Eggsware III*, alleging that the defendant businesses operated a motorcycle gang that was trying to harm him, was dismissed for failure to state a claim, 21-CV-01064, (Dkt. Nos. 6, 7). *Eggsware IV*, alleging invasion of privacy in connection with his cell phone, was dismissed on grounds of failure to state a claim and frivolity, 22-CV-0054 (Dkt. Nos. 4, 5). *Eggsware V*, alleging that the defendants, including Google, invaded his privacy, libeled, and slandered him, was dismissed for failure to state a claim, 22-CV-0077, (Dkt. Nos. 5, 6). *Eggsware VI*, alleged that Google, Instagram, and multiple other defendants invaded Eggsware's privacy and was filed under 42 U.S.C. § 1983; it was dismissed for failure to allege that any of the named defendants were state actors, 22-CV-0868, Dkt. Nos. 6, 7; *see also Eggsware VII*, 22-CV-0897 (same). On May 4, 2022, in a single Decision and Order captioned with all four of Eggsware's then-pending cases, *Eggsware VIII*, 23-CV-0034, *Eggsware IX*, 23-cv-0158, *Eggsware X*, 23-CV-0159, and *Eggsware XI*, 23-CV-0473, Judge Suddaby dismissed *Eggsware VIII, IX, X, and XI* "for failure to state a claim, based on the doctrines of res judicata and/or collateral estoppel, given the Court's prior dismissals of the claims asserted in those complaints." *See, e.g.*, Decision & Order, *Eggsware VIII*, 23-CV-0034 (N.D.N.Y. May 4, 2023), Dkt. No. 6, at 2 (citing *Eggsware VI*, 22-CV-0868).

Eggsware's motivation for filing vexatious and duplicative litigation is unclear. Although Eggsware has acted without the benefit of an attorney's involvement, given that Eggsware's actions have been devoid of any merit and often duplicative, the Court concludes that it cannot be said that he was acting in good faith. As to expense and burden, while

Eggsware's litigation has not resulted in needless expense to his litigation adversaries because all cases have been dismissed prior to service and no defendant has appeared, Eggsware's litigation has placed an unnecessary burden on the courts. Eggsware has filed eleven actions in under two years, taxing the dockets of four district judges and four magistrate judges. Eggsware's continued filing of cases and claims similar, if not identical, to those previously dismissed suggests that that dismissal alone would be an insufficient remedy and that no sanction short of an injunction would be sufficient to protect the court and other parties.

Therefore, after carefully reviewing the record, the Court concludes that, unless Eggsware shows cause otherwise, Eggsware shall be enjoined from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed). Notwithstanding the overwhelming support for a pre-filing injunction, and although Eggsware failed to respond to Judge Suddaby's order to show cause why this matter should not be referred for a Pre-Filing Order, fairness dictates that Eggsware be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Eggsware shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Eggsware shall, within FOURTEEN (14) DAYS of the date of this Order, show cause, in writing, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York pro se without

prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed);[2] and it is further

**ORDERED** that, if Eggsware does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Eggsware; and it is further

**ORDERED** that the Clerk shall provide a copy of the Referral Order and this Order to Show Cause to Eggsware by certified mail.

**IT IS SO ORDERED.**

Dated: June 15, 2023

Brenda K. Sannes
Chief U.S. District Judge

---

[2] This injunction would apply to, among other things, continued filings by Eggsware as a pro se plaintiff in any action filed by him in state court removed to this Court or filed by her in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre- filing injunction to case that had been transferred from the District of Delaware).